IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JUAN MICHAEL REYES,

        Plaintiff,

   v.

CITY OF HILLSBORO;
WASHINGTON COUNTY SHERIFF;
WASHINGTON COUNTY OREGON,

        Defendants.

Case No. 3:21-cv-01159-YY

ORDER TO AMEND

YOU, Magistrate Judge.

Plaintiff, an adult in custody at the Eastern Oregon Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. For the reasons that follow, Plaintiff must file an Amended Complaint.

**BACKGROUND**

Plaintiff alleges that on August 21, 2015, unidentified Washington County Sheriff employees held him in custody for more than twelve hours without any affidavits of probable cause, no warrant of arrest, and no criminal charges. Plaintiff also alleges that the Washington County Sheriff's office detained and held Plaintiff in custody from August 21, 2015, to October

1 - ORDER TO AMEND

2015, with a bail set for more than $2.5 million.   Plaintiff alleges he did not "discover" the violations of his rights until some unspecified later date when he obtained a complete copy of his criminal records; he alleges only that he received the records in question "after more than 3 yrs of requests and denials from the Washington County Courthouse."   By way of remedy, Plaintiff seeks money damages.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.   *See* 28 U.S.C. § 1915A(b).[1]   When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt.   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).   Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies.   *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987).   A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment.   *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

---

[1] Although Plaintiff paid the filing fee, the Prison Litigation Reform Act of 1995 ("PLRA") still requires this Court to screen his Complaint.   *See* 28 U.S.C. § 1915A; *Olivas v. Nevada ex rel. Dep't of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (when a plaintiff is a prisoner "at the time the plaintiff files the complaint," the screening requirement applies).

**DISCUSSION**

To state a claim under 42 U.S.C. § 1983, a complaint must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted).

I.  **Heck v. Humphrey**

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a plaintiff is prevented from recovering damages in a Section § 1983 suit if a judgment in favor of the plaintiff "would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (quoting *Heck*, 512 U.S. at 487). Here, *Heck* bars Plaintiff's claims of unlawful detention in the absence of any demonstration that the legality of that detention was already invalidated. Although Plaintiff refers tangentially to *Heck* in his Complaint, he does not allege any facts demonstrating that the legality of his detention was invalidated.

II. **Statute of Limitations**[2]

Section 1983 contains no specific statute of limitations. As such, federal courts apply the forum state's statute of limitations for personal injury actions. *Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004). In Oregon, the applicable statute of limitations for a 42

---

[2] Although it is an affirmative defense, the statute of limitations may be grounds for *sua sponte* dismissal under 28 U.S.C. § 1915A where the defense is complete and obvious from the face of the pleadings or the court's own records. *Bivins v. Richmond Police Dept.*, No. C 00-0047 THE (PR), 2000 WL 52273, at *1 (N.D. Cal. Jan. 18, 2000) (citing *Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984)).

3 - ORDER TO AMEND

U.S.C. § 1983 action is two years from the date that the cause of action accrues. *Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002); *see also* Or. Rev. Stat. § 12.110.

The accrual date for a § 1983 cause of action "is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (emphasis in original). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the cause of the action." *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (quotations and citation omitted). Accrual ultimately depends on the substantive basis of the claim. *See, e.g., Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998). Under *Wallace*, "the statute of limitations upon a section 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, beings to run at the time the claim becomes detained pursuant to legal process." 549 U.S. at 397; *see also Dunbar v. Cty. Of Maui*, No. CV 07-00107DAEBMK, 2008 WL 2622814, at *4 (D. Haw. July 2, 2008) (the Supreme Court in *Wallace* used "the term false imprisonment to include false or unlawful arrest").

Here, Plaintiff alleges he did not "discover" his detention violated his constitutional rights until he obtained his entire criminal file. Plaintiff does not, however, allege when he received that file. In any event, while Oregon state law may provide for accrual of claims at the time of "discovery," federal law determines the accrual date of § 1983 claim. *See Cooper v. Oregon, Washington County*, No. 3:21-cv-00o086-YY, 2021 WL 6278475, at *8 (D. Or. Oct. 25, 2021) (collecting cases holding that claim for false arrest or false imprisonment accrued either at the time or arrest or, at latest, the date of arraignment).

### III.    Municipal Liability

Finally, a government entity may not be held liable under § 1983 unless a policy, practice, or custom of the entity can be shown to be the cause of or directly related to a violation of constitutional rights.  *Monell v. Dept. of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 694 (1978).   To establish liability under *Monell*, a plaintiff must prove that:   (1) the plaintiff was deprived of a constitutional right; (2) the municipality had a policy; (3) this policy amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy was "the moving force behind the constitutional violation."  *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).   Here, Plaintiff does not allege facts supporting a claim that any of the named Defendants had a policy or custom sufficient to establish liability under § 1983.

### CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff must file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order.   Plaintiff is advised that failure to file an Amended Complaint shall result in the dismissal of this proceeding.

IT IS SO ORDERED.

DATED this   31st   day of March, 2022.

    /s/ Youlee Yim You
Youlee Yim You
United States District Judge